UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------X
Chris Eubank,

                Plaintiff,            Civil Action No: 13-476

      against

Audubon Financial Bureau, LLC,        **COMPLAINT AND**
A Delaware Limited Liability Company,   **DEMAND FOR TRIAL BY JURY**
and Adam D. March, individually
                Defendant.
-------------------------------------------------X

## INTRODUCTION

This is an action for damages and declaratory judgment brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter referred to as "FDCPA").

Plaintiff brings suit based on the unfair, abusive and deceptive practices employed by Defendants in its attempt to collect an alleged debt from Plaintiff.

## JURISDICTION AND VENUE

1. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), in that Defendants transact business here.

2. The Court's jurisdiction is conferred by 28 U.S.C. §1331, as well as 15 U.S.C. §1692k *et seq.*, and 28 U.S.C. §2201 and §2202.

3. The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

## PARTIES

1

4. Plaintiff, Chris Eubank (hereinafter referred to as "Plaintiff"), is a natural person who resides in Geary County, 216 North Webster Apt C11, Junction City, Kansas 66441.

5. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

6. Upon information and belief, Defendant Audubon Financial Bureau, LLC is a Delaware limited liability company conducting business from offices located at 200 John James Audubon Parkway, Suite 301, Amherst, New York 14228.

7. Upon further information and belief, Audubon is engaged in the business of collecting debts incurred and alleged to be incurred, for personal, family or household purposes.

8. Upon information and belief and at all relevant times herein, Audubon is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

9. Upon information and belief, Audubon regularly uses the mail and telephone in conducting business.

10. Upon information and belief, Audubon was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

11. Upon further information and belief, and at all relevant times herein, Audubon knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff (hereinafter referred to as, "Alleged Debt").

12. Upon information and belief, Defendant Adam D. March, is a member-manager and/or shareholder of Audubon, and upon information and belief oversees its day-to-day operations. *See Nicholas Jamele v. Audubon Financial Bureau, LLC, and Adam D. March,* 12-cv-60957; *See*

generally, *Fox v. Citicorp Credit Services, Inc.* 15 F.3d 1507 (9th Cir. 1994); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*. 518 F.3d 433, 440-41 (6th Cir. 2008).

13. March is a natural person, and a citizen of the State of New York, residing at 66 Golden Pheasant Drive, Getzville, New York, 14068.

14. Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of debts.

15. Upon information and belief, as a member-manager and/or shareholder of Audubon, March oversaw Audubon's day-to-day operations.

16. Upon further information and belief, as an owner of Audubon, March exercised control over the affairs of Audubon's debt collection business.

17. Upon further information and belief, March created and/or approved the script used by Audubon's debt collector representatives and employees when leaving messages for consumers.

18. As such, March is a debt collector, as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

19. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. Upon information and belief, Defendant initiated collection activities to recover a debt allegedly owed by Plaintiff (referred to hereinafter as the "Alleged Debt").

21. Upon further information and belief, the nature of the Alleged Debt owed is the type of debt the FDCPA was designed to regulate.

22. Upon information and belief, on or around May 1, 2013, Defendants called Plaintiff and left a message.

23. In said message, Defendants notified Plaintiff of a complaint and provided Plaintiff with a six digit complaint number.

24. Defendants threatened Plaintiff with a civil judgment that would be placed against Plaintiff in Geary County and would be pursued to the fullest extent under Kansas law.

25. Before discontinuing the call, Defendants provided a contact number and stated that if Plaintiff wanted to discuss other options and state his defense he can contact her directly.

26. At no time during the message left for Plaintiff, did Defendants identify that Defendants were a debt collector.

27. Defendants did not disclose that it was attempting to collect a debt and that the information obtained would be used for that purpose.

28. Plaintiff never received anything in writing from Defendant.

29. As a direct result of Defendants' deceptive, misleading, and unfair debt collection practices, Plaintiff has suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

**FIRST CAUSE OF ACTION**
**(Violations of 15 U.S.C §1692e(2))**

30. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

31. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated

15 U.S.C. §1692e(2), in that Defendants made false, deceptive, and/or misleading representations in connection with character, amount, and legal status of the Alleged Debt, when Defendants informed Plaintiff of a pending civil judgment.

32. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(5))

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

34. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(5), in that Defendants threatened to take action that cannot be legally taken or that was not intended to be taken when it threatened Plaintiff with a suit.

35. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## THIRD CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(10))

36. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "36" herein with the same force and effect as if the same were set forth at length herein.

37. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(10), in that Defendants used false representations and deceptive means when attempting to collect the Alleged Debt.

38. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### FOURTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(11))

39. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

40. Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(11), in that Defendants failed to inform Plaintiff that Defendant was a debt collector attempting to collect a debt and information obtained would be used for that purpose.

41. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### DEMAND FOR TRIAL BY JURY

42. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Richard Fuentes demands judgment from the Defendant Audubon Financial Bureau, LLC, and Defendant Adam D. March as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A);

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D. For a declaration that the Defendants' practices violated the FDCPA; and,

E. For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
       May 7, 2013

                                      Respectfully submitted,

                                  By:   s/ Jacob J. Scheiner
                                         Jacob J. Scheiner, Esq.
                                         Fredrick Schulman & Associates
                                         30 East 29TH Street
                                         New York, New York 10016
                                         (212) 796-6053
                                         jscheiner@fschulmanlaw.com
                                         Attorneys for Plaintiff